## Lyman Lawrence v. Doctor Morris Jarvis.

*Foreclosure sale: Order setting aside sale: Appeal: Interested party.* A complainant who has purchased at foreclosure sale and afterwards conveyed to a third party, would be injuriously affected by an order setting aside the sale under which he acquired the title which he afterwards parted with, and has an interest in the matter sufficient to support an appeal.

*Setting aside foreclosure sale: Third party interested: Notice.* On a motion to set aside a foreclosure sale, when it appears that third parties have acquired rights in the premises under the sale sought to be set aside, no further proceedings should be taken until they have notice and an opportunity to be heard.

*Submitted on briefs April 12. Decided April 17.*

Appeal in Chancery from Kent Circuit.

*Taggart & Allen* and *E. S. Eggleston,* for complainant.

*W. L. Stoughton* and *J. P. Atwood,* for defendant.

MARSTON, J:

A bill of complaint was filed in the circuit court for the county of Kent, in chancery, to foreclose a mortgage given by defendant to complainant. A decree was obtained and the premises were sold by the circuit court commissioner thereunder on the 5th day of April, 1875, to complainant, who was the highest bidder. The purchaser, upon the 22d day of May following, conveyed the premises to Horace Tompkins, who entered into possession of the premises and made improvements thereon.

Defendant Jarvis, upon the 26th day of September, 1876, filed his petition in said court to have the sale of April 5, 1875, set aside and held for naught, and a sale *de novo* ordered, for the reason that the sale was on a day of general election; that the lands were bid off before the hour mentioned in the notice of sale, and inadequacy of price. Affidavits were filed in support of, and also against, the

facts set forth in the petition.    A hearing was had, and on the 7th day of December, 1876, the sale was set aside and held for naught, and a new sale ordered in case defendant made default in payment of the amount of the original decree, with costs.    Afterwards a motion was made to vacate and set aside this order, which was denied.    Complainant then appealed from both orders.

It appeared upon the first hearing that the subsequent purchaser, Tompkins, had no notice of the proceedings then being taken, and this was one of the reasons assigned in the motion to vacate the order of December 7th.

No question is raised as to the right of complainant to appeal because of a want of interest, he having sold to a third party.    We think it must be assumed that a complainant who has purchased at a foreclosure sale and afterwards conveyed to a third party, would necessarily be injuriously affected by an order setting aside the sale under which he acquired the title which he afterwards parted with.—*Berry v. Innes, 35 Mich., 189.*    Upon the question of notice to Tompkins, when it appeared that third parties had acquired rights in the premises under the sale sought to be set aside, no further proceedings should have been taken until they had notice and an opportunity to be heard.—*Crawford v. Tuller, 35 Mich., 57.*    The order setting aside the sale and ordering a new one must be reversed, with costs.

The other Justices concurred.